**DEBRA A. DiIORIO**
California Bar No. 138018
**DiIORIO & HALL, APC**
964 Fifth Avenue, Suite 214
San Diego, California  92101
Facsimile: (619) 544-1473
Telephone: (619) 544-1451

Attorneys for Defendant **Sosa Padilla**

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

**(HON. ROGER T. BENITEZ)**

| | |
|---|---|
| UNITED STATES OF AMERICA, | Criminal Case No. 08-CR-1360-BEN |
| Plaintiff, | Date: June 23, 2008 |
| v. | Time: 2:00 p.m. |
| RIGOBERTO SOSA PADILLA, | **DEFENDANT'S STATEMENT OF FACTS AND MEMORANDUM OF POINTS AND AUTHORITIES IN SUPPORT OF HIS MOTIONS** |
| Defendant. | |

## I.

## STATEMENT OF FACTS

Rigoberto Sosa Padilla was arrested on April 5, 2008 in an area known as Barrett Junction in eastern San Diego County.  He was a member of a group of twelve people who were arrested by Border Patrol Agents as they walked northbound on a foot trail in a desolate mountainous area near the border by Tecate. Mr. Sosa admitted that he had entered the country illegally and was attempting to travel to Los Angeles.  Processing at the Brown Field Border Patrol Station revealed a prior criminal and immigration record; prosecution for a violation of 8 U.S.C. § 1326 was authorized.  The parties are engaged in negotiations and 49 pages of discovery have been produced to date.

## II.

## MOTION TO COMPEL DISCOVERY

In order to both preserve the defendant's rights and assist the government in making full

and complete disclosure as required by law, Mr. Sosa lodges the following specific discovery requests pursuant to Fed. R. Crim. P. 16:

(1) All written or oral statements made by him. This request includes, but is not limited to, any rough notes, records, reports, transcripts or other documents in which statements of Mr. Sosa are contained and in the possession of the United States or allied state law enforcement dis agency. It also includes the substance of any oral statements regardless of whether the government intends to introduce at trial. These are discoverable under Fed. R. Crim. P. 16(a)(1)(A) and Brady v. Maryland, 373 U.S. 83 (1963). Mr. Sosa also requests any response to any Miranda warnings which may have been given to him, whether oral or written. See United States v. McElroy, 697 F.2d 459 (2d Cir. 1982);

(2) All documents, statements, agents' reports, and tangible evidence favorable to Mr. Sosa on the issue of guilt or punishment, or which affects the credibility of the government's case. This evidence must be produced pursuant to Brady v. Maryland, 373 U.S. 83 (1963), and United States v. Agurs, 427 U.S. 97 (1976) immediately upon discovery by the government.

(3) All evidence, documents, records of judgments and convictions, photographs and tangible evidence, and information pertaining to any prior arrests and convictions or prior bad acts. Evidence of prior record is available under Fed. R. Crim. P. 16(a)(1)(B). Evidence of prior similar acts is discoverable under Fed. R. Crim. P. 16(a)(1)(C) and Fed. R. Evid. 404(b) and 609.

(4) All evidence seized as a result of any search or arrest, with or without a warrant, in this case. Mr. Sosa requests disclosure of all evidence obtained as a result of these searches which generated evidence which will be used by, or which lead to the discovery of evidence to be used by the government against him at trial. This discovery is available under Fed. R. Crim. P. 12(d) and 16(a)(1)(C);

(5) All arrest reports, investigator's notes, memos from arresting officers, sworn statements, and prosecution reports pertaining to the investigation which resulted in the arrest of Mr. Sosa. These may be available under Fed. R. Crim. P. 16(a)(1)(B) and (C), Fed. R. Crim. P. 26.2 and 12(i);

(6) Mr. Sosa requests the government to review all files on all agents involved in the present case for impeachment material. Given the fact that such impeachment evidence is often secreted in various different files, he requests that the government not limit its search solely to personnel files. This is required under United States v. Henthorn, 930 F.2d 920 (9th Cir. 1991);

(7) All other documents and tangible objects, including photographs, books, papers, documents, photographs, or building or places or copies of portions thereof which are material to Mr. Sosa's defense or intended for use in the government's case-in-chief or were obtained from or belong to Mr. Sosa. These materials are available under Rule 16(a)(1)(C);

(8) Any express or implicit promise, understanding, offer of immunity, of past, present, or future compensation, or any other kind of agreement or understanding between any prospective government witness and the government (federal, state and local), including any implicit understanding relating to criminal or civil income tax, forfeiture or fine liability. United States v. Shaffer, 789 F.2d 682 (9th Cir. 1986); United States v. Risken, 788 F. 2d 1361 (8th Cir. 1986); United States v. Luc Levasseur, 826 F.2d 158 (1st Cir. 1987). This request also includes any discussion with a potential witness about or advice concerning any contemplated prosecution, or any possible plea bargain, even if no bargain was made, or the advice not followed. Brown v. Duggen, 831 F.2d 1546, 1558 (11th Cir. 1986) (evidence that witness sought plea bargain is to be disclosed, even if no deal struck); Haber v. Wainwright, 756 F.2d 1520, 1524 (11th Cir. 1985);

(9) Any evidence that any prospective government witness is biased or prejudiced against the defendant, has a motive to falsify or distort his or her testimony or is prejudiced against Latinos. Pennsylvania v. Ritchie, 480 S.Ct. 39 (1989); United States v. Strifler, 851 F.2d 1192 (9th Cir. 1988);

(10) Any evidence that any prospective government witness has engaged in any criminal act whether or not resulting in a conviction. See Rule 608(b), Federal Rules of Evidence and Brady;

(11) Any evidence that any prospective witness is under investigation by federal, state or

local authorities for any criminal conduct, United States v. Chitty, 760 F.2d 425 (2d Cir.), cert. denied, 474 U.S. 945 (1985);

(12) Any evidence, including any medical or psychiatric report or evaluation, tending to show that any prospective witness's ability to perceive, remember, communicate, or tell the truth is impaired; and any evidence that a witness has ever used narcotics or other controlled substance, or has ever been an alcoholic. United States v. Strifler, 851 F.2d 1197 (9th Cir. July 11, 1988); Chavis v. North Carolina, 637 F.2d 213, 224 (4th Cir. 1980);

(13) the name and last known address of each prospective government witness. See United States v. Napue, 834 F.2d 1311 (7th Cir. 1987); United States v. Tucker, 716 F.2d 583 (9th Cir. 1983) (failure to interview government witnesses by counsel is ineffective); United States v. Cook, 608 F.2d 1175, 1181 (9th Cir. 1979) (defense has equal right to talk to witnesses);

(14) The name and last known address of every witness to the crime or crimes charged (or any of the overt acts committed in furtherance thereof) who will not be called as a government witness. United States v. Cadet, 727 F.2d 1469 (9th Cir. 1984);

(15) The name, address and telephone number of each percipient witness to the crimes charged, regardless of whether the government intends to call such witness at trial, or for any other proceeding;

(16) The name of any witness who made an arguably favorable statement concerning Mr. Sosa or who could not identify him or who was uncertain of his identity, or participation in the crime charged. Jackson v. Wainwright, 390 F.2d 288 (5th Cir. 1968); Chavis v. North Carolina, 637 F.2d 213, 223 (4th Cir. 1980); James v. Jago, 575 F.2d 1164, 1168 (6th Cir. 1978); Hudson v. Blackburn, 601 F.2d 785 (5th Cir. 1975);

(17) Mr. Sosa requests a transcript of the grand jury testimony and rough notes of all witnesses expected to testify at the motions hearing.

(18) Disclosure of all scientific evidence, including all reports of examinations and tests, and disclosure of all expert testimony, in compliance with Fed. R. Crim. P., 16(a)(1)(d) and (e). In particular, the government's attention is drawn to the requirement that all expert

testimony must be disclosed in advance, along with discovery of the basis and reasons for the expert's opinion, and his or her qualifications as an expert;

(19)  Residual Request:  Mr. Sosa intends by this discovery motion to invoke his rights to discovery to the fullest extent possible under the Federal Rules of Criminal Procedure and the Constitution and laws of the United States.

## III.

## MOTION FOR LEAVE TO FILE FURTHER MOTIONS

Mr. Sosa requests that the Court grant him leave to file further motions after the discovery process has been completed.

## IV.

## CONCLUSION

Based upon the foregoing, Mr. Sosa respectfully requests that this Court grant his motions.

Respectfully submitted,

Date: June 2, 2008

/s/ Debra A. DiIorio
DiIorio & Hall, APC
Attorneys for Mr. Sosa

5